IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL TYM,

    Plaintiff,

v.                                                     1:25-cv-00498-GBW-JMR

ERICA CERNO, DANA FLANNERY, and
NEW MEXICO HEALTH CARE AUTHORITY,

    Defendants.

## ORDER GRANTING MOTION TO EXTEND DEADLINE TO ANSWER
## THE SECOND AMENDED COMPLAINT

    THIS MATTER comes before the court on Defendants' Motion to Extend Deadline to Answer the Second Amended Complaint, filed on September 24, 2025. Doc. 17. Plaintiff did not file a response, and the time for doing so has passed. *See* D.N.M.LR-Civ. 7.4(a) ("response must be served and filed within fourteen (14) calendar days after service of the motion"). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

    In the motion, Defendants explain that they filed their answer on September 24, 2025—six days late—due to miscalculating the date their answer was due. Doc. 17 at 1. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Excusable neglect "is a somewhat elastic concept" that allows courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 388, 392 (1993). In determining whether a party's neglect is excusable, this Court considers: (1) the danger of prejudice to the opposing party, (2) the

length of delay caused by the neglect and its impact on the proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

Applying the four factors to the instant case, the Court finds they support a finding of excusable neglect. First, there is no danger of prejudice to Plaintiff in allowing Defendants to file their answer six days late. Second, the six-day delay is short and has not meaningfully delayed these proceedings. Third, the reason for the delay was in control of Defendants, but their calendaring error is not out of the realm of ordinary human error. Fourth, Defendants acted in good faith and filed their answer as soon as they realized their error. After considering the factors, the Court finds that Defendants' have shown excusable neglect for the late filing of their answer. The Court therefore GRANTS Defendants motion and extends the time for Defendants to answer through September 24, 2025.

.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge