IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIGUEL TYM,

       Plaintiff,

v.                                     1:25-cv-00498-JCH-JMR

ERICA CERNO, DANA FLANNERY, and
NEW MEXICO HEALTH CARE AUTHORITY,

       Defendants.

### **ORDER GRANTING MOTION TO COMPEL DISCOVERY**

THIS MATTER comes before the Court on Defendants' Motion to Compel Discovery (Doc. 37), filed March 9, 2026. Plaintiff filed a response on March 12, 2026. Doc. 38. Defendants filed a reply on March 26, 2026. Doc. 40. The Court held a motion hearing on April 17, 2026. As held at the hearing, Defendants' motion is GRANTED.

During the hearing, the parties stipulated that Plaintiff is only seeking lost wages for the period between August 2, 2024, and August 30, 2024. As such, and as agreed by the parties, Interrogatories 3, 4, 13 and Requests for Production 7, 10 and 15 are time limited to August 2, 2024, and August 30, 2024.

Plaintiff is ordered to amend his responses to Defendants' Interrogatories 1, 2, 3, 4, and 13 and his responses to Defendants' Requests for Production 7, 9, 10, and 15. As to Request for Production 10, Plaintiff's work product objection is sustained. However, Plaintiff must provide Defendants with a privilege log so that Defendants are aware of the documents that Plaintiff is withholding. The Court reminds Plaintiff that the work product doctrine only protects documents prepared "in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3).

During the hearing, Defendants requested a ruling on whether prompts posed to a generative artificial intelligence ("AI") product—such as ChatGPT, Claude, etc.—are protected by the work product doctrine. Notably, there is limited case law on this question, and the parties have not briefed it. Nonetheless, at this time and for this case only the Court adopts the reasoning set forth in *Morgan v. V2X, Inc.*, No. 25–CV–01991–SKC–MDB, 2026 WL 864223, at *3–6 (D. Colo. Mar. 30, 2026). As discussed in *Morgan*, "AI interactions do not automatically compromise work product protections." *Id.* at *5. However, if Plaintiff used generative AI to prepare his filings or for hearings in this matter, those interactions are shielded by the work product doctrine.

During the hearing, Defendants also withdrew Request for Production 4. As such, the Request is withdrawn, and Plaintiff need not respond to this Request.

Finally, the Court found that "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(A)(iii).

JENNIFER M. ROZZONI
United States Magistrate Judge

2