**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MIGUEL TYM,

Plaintiff,

v. Case No. 1:25-cv-00498-JCH-JMR

ERICA CERNO, DANA FLANNERY, and
NEW MEXICO HEALTH CARE AUTHORITY,

Defendants.

**MEMORANDUM OPINION AND ORDER ON POST-SETTLEMENT MOTIONS**

**THIS MATTER** is before the Court on two motions: (1) Defendants Erica Cerno, Dana Flannery, and New Mexico Health Care Authority's Notice of Inability to Meet Court Deadline to File Closing Documents Due to Opposing Party's Non-Compliance and Motion to Dismiss with Prejudice, filed August 24, 2026, ECF No. 56 ("Defendants' Motion"); and (2) Plaintiff Miguel Tym's Motion for Costs and Fees under 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. 61 ("Plaintiff's Motion"). Each motion is opposed. ECF Nos. 57, 62.

The Federal Rules of Civil Procedure speak to the expediency and efficiency of litigation. In particular, Rule 1 of the Federal Rules of Civil Procedure notes, the Rules "should be construed, administered, and employed by the court and *the parties* to secure the *just, speedy,* and *inexpensive* determination of every action and proceeding." By resolving the pending motions, the Court intends to facilitate the finalization of this case in a manner consistent with the text and spirit of Rule 1. Accordingly, having reviewed the parties' submissions and the applicable law, and being otherwise fully informed, the Court concludes neither motion is well-taken and both shall be **DENIED**. ECF Nos. 56, 61.

## BACKGROUND

The parties reached a mutual resolution of this lawsuit months ago and notified the Court as much via e-mail. *See* ECF No. 53 (entered June 15, 2026). The Court then set a deadline to file closing documents no later than July 27, 2026. *Id.* Behind the scenes, the process to finalize the settlement stalled for two reasons: (1) Tym had not received the settlement check; and (2) Tym's counsel had not approved of the proposed stipulation of dismissal. *See generally* ECF No. 56-1 (e-mails concerning both events); ECF No. 57-1 (same); ECF No. 56-2 (proposed Stipulation of Dismissal, with Prejudice). For these reasons, the parties foresaw the likely need to move for an extension of the time to file closing documents. *See* Doc. 56-1 at 5-9. During these e-mail exchanges, Tym's counsel advised opposing counsel she would be out of the office from August 7, 2026, until August 25, 2026. *Id.* Tym's counsel did not alert the Court of her unavailability.

Four days before the filing deadline, no progress had been made on the two issues preventing closing the case. Defense counsel could not guarantee Tym would receive the check before opposing counsel left for her trip. *See id.* at 4-5. And without her client receiving the settlement check, Tym's counsel would not approve of the stipulation of dismissal. *Id.* at 6. Defense counsel sought Tym's counsel position on filing a notice to extend the deadline that evening. *Id.* at 5-6. The next day, Defendants moved for an extension to submit the closing documents without Tym's counsel's response. ECF No. 54 at 3; Doc. 61-3 at 1 (e-mail to chambers concerning extension); *see also* ECF No. 56-1 at 5; ECF No. 58 at 2-3 ¶ 5.

The next day, the Court granted Defendants' request and imposed a new deadline of August 24, 2026, to submit the necessary documents. ECF No. 55. Tym's counsel did not move to modify this deadline. As a result, the parties had from July 24, 2026, to August 7, 2026—that is, two weeks or ten business days—to finalize the settlement documents before Tym's counsel went on vacation.

No meaningful progress was made. E-mail communication regarding settlement seemingly ceased over this period of time. *See* ECF No. 56-1 at 3-4.

Then, on August 5, 2026, Defendants (1) alerted Tym that his settlement check was ready for pick up in Albuquerque and (2) reminded opposing counsel the proposed stipulation of dismissal still needed to be approved. *Id.* at 3. Tym's counsel did not retrieve the settlement check that day, so she suggested it be mailed to her client instead. *Id.* Consequently, five days later, Defendants mailed Tym the check. *Id.* at 2-3. By this time, Tym's counsel was already on her vacation. The proposed stipulation of dismissal was still not approved.

Four days after mailing the check, Defendants followed up with opposing counsel about approving the stipulation of dismissal. *Id.* at 2. Tym's counsel did not respond. Thereafter, acknowledging that she was out of town, Defendants e-mailed opposing counsel two more times. *See* ECF No. 56-1 at 1-2 (documenting e-mails from Defendants' counsel to Tym's counsel on August 19 and 21). Defendants received out-of-office responses each time. *See, e.g.*, ECF No. 61-2 at 1; *see also* ECF No. 61-1 at 1; 61-5 at 1-2 ¶¶ 2-3.

Eventually the deadline for entering the closing documents came to pass. The parties did not timely file the requisite documents. ECF No. 58 at 3 ¶ 11. Instead, Defendants filed their motion for dismissal with prejudice. *See generally* ECF No. 56. Tym's counsel responded in opposition to the Motion the next day. *See generally* ECF No. 59.

While Defendants' Motion was pending, Tym received and deposited the settlement check. ECF No. 58 at 4 ¶ 13; ECF No. 58-1 at 1-2. It is unclear on what date that occurred.

Then, on September 9, 2026, Tym's counsel filed her motion for attorney's costs and fees pursuant to 28 U.S.C. § 1927. *See generally* ECF No. 61. Counsel avers she spent two and a half

hours drafting and filing her response to Defendants' Motion. *Id.* at 7. She requests an hourly rate of $300.00 and gross receipts tax. *Id.* In total, she moves for $811.41.[1] *Id.*

Defendants object and posit that opposing counsel is billing them for work she brought upon herself. ECF No. 62 at 1, 3. Also, Defendants "refrain from burdening the Court with their own request for fees" or a motion under Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 1 n.1. Instead, they remind the Court of "its inherent authority to award Defendants the fees and costs unnecessarily incurred as a result" of responding to the motion for fees and costs. *Id.*

To date, the parties have not submitted a proposed stipulation of dismissal nor filed closing documents.

## DISCUSSION

### I. Defendants' Motion to Dismiss with Prejudice, ECF No. 56

The Court does not reach the substance of Defendants' Motion for a simple reason: it lacks a legal basis. Defendants provide no citation to the Federal Rules or case law within the Motion. This is contravention of this District's Local Rules of Civil Procedure, which outline, "A motion must be in writing and state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1(a). Because Defendants' Motion is legally unsupported, it falls short of what the Local Rules and this Court require. Thus, the Court is duty-bound to deny the Motion. ECF No. 56.

### II. Plaintiff's Motion for Attorney's Costs and Fees under 28 U.S.C. § 1927, ECF No. 61

Tym moves for costs and fees under Section 1927, arguing that Defendants proceeded in bad faith in this action because they "twice sought relief in a posture that produced or invited entry

---

[1] Initially, Tym moved for the award "to be satisfied personally by Defendants' counsel under 28 U.S.C. § 1927." ECF No. 61 at 7. The reply brief changes tact and states, "The fee was billed to Mr. Tym and remains outstanding . . . It is a cost he incurred, and the question the Motion presents is who should bear it." ECF No. 63 at 8.

before Plaintiff could be heard[.]" ECF No. 61 at 6. Further, Tym claims Defendants should have alerted the Court to the fact that his counsel would be out of office when filing their continuance request given that the extensions of time were "consequential." *Id.* Tym also argues that Defendants transmitted materials to the Court using the incorrect chambers' e-mail. *Id.* at 3-4 ¶¶ 11-12.

This Court may award sanctions under 28 U.S.C. § 1927, which provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This statute "targets conduct that . . . when viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (citation modified). Bad faith is not required in order to award costs and fees under Section 1927's "unreasonable and vexatious" standard. *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1201-02 (10th Cir. 2008). Rather, courts employ an objective unreasonableness inquiry. *Id.* Meaning, the Court may award costs and fees "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (text only).

An award of attorney's fees and costs is not justified in this case. While Defendants could have proceeded differently in their methods to close this lawsuit, they did not vexatiously multiply the proceedings in their attempts to do so. Even though it was inartful to move to extend the closing deadline to a date when Defendants knew opposing counsel would out of office, that does not amount to reckless or vexatious conduct. *See Steinert*, 440 F.3d at 1226. It was not Defendants'

responsibility to manage opposing counsel's schedule, nor alert the Court of her unavailability—that was her duty to the Court. Similarly, Defendants' Motion, though lacking in legal merit, does not justify awarding Tym costs and fees under Section 1927. Though the Court *sua sponte* found Defendants' Motion did not abide by the Local Rules, that also does not suggest Defendants and or counsel unreasonably or vexatiously multiplied the proceedings, nor does it show they exhibited unjustifiable or bad faith conduct or abdicated their duty to the Court. *See id.* In all, Defendants' conduct does not fall within the scope of conduct contemplated by Section 1927.

Tym's counsel is also not faultless in the finalization of this litigation. Based on the record, Tym's counsel was well aware that the deadline to submit closing documents fell during her trip. Yet, she took no action to change that deadline or approve of the stipulation of dismissal before she left town. If Tym's counsel had (1) filed a notice of unavailability and alerted the Court of her planned trip; (2) responded in opposition to the August 24, 2026, deadline; or (3) moved for another extension to accommodate her time out of the office, then the circumstances disputed here would very likely have been different.

Lastly, both parties took no action to resolve this case during the fourteen-day period preceding Tym's counsel's vacation. Tym argues these fourteen days do "not bear on the conduct at issue." ECF No. 63 at 10. That argument is unavailing. Based on the record, and the analysis above, that two-week period proved consequential in prolonging the resolution of this case due to the inaction of both parties.

Ultimately, having reviewed the briefing in support of Tym's motion for attorney's fees and costs, the Court concludes an award pursuant to Section 1927 is unwarranted. Thus, Tym's motion, ECF No. 61, will be denied.

## CONCLUSION

It is hereby ordered that Defendants Erica Cerno, Dana Flannery, and New Mexico Health Care Authority's Notice of Inability to Meet Court Deadline to File Closing Documents Due to Opposing Party's Non-Compliance and Motion to Dismiss with Prejudice, ECF No. 56, is **DENIED**.

It is further ordered that Plaintiff Miguel Tym's Motion for Costs and Fees under 28 U.S.C. § 1927 and the Court's Inherent Authority, ECF No. 61, is **DENIED**.

It is further ordered that the parties submit the necessary closing documents **fourteen (14) days** following the issuance of this Memorandum Opinion and Order. Further extensions will not be granted absent a written motion showing notably good cause for extension.

SENIOR UNITED STATES DISTRICT JUDGE